DECEMBER 23, 2014

Case No. 2013-839-C2A

§
§
§
§
§
§
§
§
§

EX PARTE

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 31 2014

Abel Acosta, Clerk

HAYES

IN THE CRIMINAL 54th DISTRICT

COURT OF MCLENNAN COUNTY, TEXAS

CAUSE NO. 2013-0839-C2

## PETITIONER'S RESPONSE TO TRIAL ATTORNEY'S AFFIDAVIT AND STATEMENT OF FACTS

Charles Ray Hayes, therefore, now answers and refutes Trial Attorney Robert F. Swanton, Jr., statement of facts concerning the events that transpired during his representation of Petitioner, Charles Ray Hayes.

Wherefore, Petitioner by proof of this affidavit maintains and asserts the following:

1.) In Trial Attorney's statement of facts, Trial Attorney clearly asserts that Defendant Charles Ray Hayes told him that he had suffered head trauma and was experiencing mental deficiency issues that would clearly affect his thinking process and memory issues.

2.) In his own words Trial Attorney Swanton tries to convince this Honorable Court that in his opinion, he has determined that Defendant Charles Ray Hayes is competent and seems to have control of his senses. Petitioner would ask this Honorable Court to request that Trial Attorney present any verifiable evidence or degree to show that Trial Attorney Swanton is a Licensed and Trained Clini-Psychologist or Doctor trained to diagnose symtoms associated with Dementia or Diminished Capacity or any form of mental deficiency.

3.) Trial Attorney Swanton was ineffective because he in wan-

Pg 1

ton and willful neglect made a decision based on no medical training or experience to act as a physician and determine that his client was in fact competent to understand the proceeding against him.

4.) Trial Attorney was ineffective because he acted as a prosecuting attorney instead of trying to defend his client and establish reasonable doubt as to the guilt of his client and perform a medical investigation as to the nature and extent of his clients mental competence. He literally surrendered his client to the District Attorney without even putting up a credible defense.

5.) Petitioner Charles Ray Hayes, again claims ineffective assistance of Counsel due to the fact that when Trial Attorney mentions viewing the video that police had of defendant, it does show some minor swerving, but clearly not the curb jumping scenario that police mentioned or reported. It clearly proves bias on the part of law enforcement to make a presumption of guilt based on prior record and not on the actual evidence at hand during the stop. Thus this stop and arrest were clearly in violation of defendants constitutional rights to illegal stop, search and seizure and confinement.

6.) Trial Counsel again was ineffective because he persuaded defendant to plead guilty and waive his right to appeal in order to appease trial court and prosecuting attorney. Petitioner Hayes had no recourse but to give in to the pressure and threatening tactics employed by both his trial attorney and prosecuting attorney. They both told him that he would received life in prison if he did not cop out to the plea he was being offered.

THEREFORE, it is clearly established that defendant did not have effective representation at his trial or pleading and trial attorney and trial judge clearly should have ordered a psyhicatric examination before any plea was to be accepted or discussed.

The affidavit clearly mentions the video by trial attorney Swanton as to not showing what the police had mentioned in their report, therefore, this is tantamount to discovering new evidence in which police had no grounds or reason to legally pull over or perform an illegal search and arrest of defendant.

Defendant now moves and request that this Honorable Court overturn his conviction due to the discoverey of the new evidence and the deception by trial attorney to perform proper representation and effective counsel performance for his client. The rules for discoverey of new evidence amount to the following rules and guidelines as established by the Texas Rules of Apellate Procedure.

## NEW TRIAL

Article 40.01, to Article 40.11 was repealed by the Texas Rules of Apellate Procedure. Now, Article 40.001, provides a New Trial on material Evidence; A new trial shall be granted the accused where material evidence (Video mentioned in Trial Attorney Swanton's Affidavit, & defendants statement as to his head trauma), favorable to the Movant has been discovered since proceedings and plea. See Keeter v. State, 74 S.W.3d 31, 36 (Tex.Crim.App.2002). Before the repeal by the Texas Rules of Appellate Procedure, Article 40.03 set out the grounds for a new trial in criminal cases. One of those grounds was where new evidence material to the defendant has been discovered since trial. The Court consistently interpreted that provision as requiring the satisfaction of a four-part test: Vernon's Ann.Texas C.C.P. art. 40.001.

1.) The newly discovered evidence was unknown or unavailable to the Movant at the time of his trial or plea: in this instance, Trial Attorney's affidavit as to the statement of facts and statements of Movant's claims of head trauma and inconsistancy regarding his comprehension of the reason for his charges and his subsequent arrest.

2.) The Movant's failure to discover or obtain the evidence was not due to a lack of diligence, but to a lack of proper and effective assistance of counsel and the mental capacity to understand the proceedings against him.

3.) The new evidence is admissible and is not merely cumulative, corroborative, collateral of impeaching; and Movant Charles Ray Hayes further asserts that because his traffic stop was illegal, the evidence obtain subsequently is now tainted and inadmissable, thereby establishing reasonable doubt.

4.) The new evidence is probable, viable, and true and will probably bring about a different result in another trial. But for the effective assistance of counsel, Movant states and asserts to this Honorable Court that reasonable doubt would be established and the outcome would have been different......the Court's interpret(ed) the new statute in conformity with their prior caselaw and continue(d) to adhere to the four-part test; see Molinar v. State, 910 S.W. 2d. 572, 583. See Texas Rules Apellate Procedure, Rules 21.3 (b), (f) Trap.

Movant meets the 4 requirements for obtaining a new trial based on newly discovered evidence. Therefore, the Court

should grant Movant a new trial pursuant to the Texas Rules of Appellate Procedure and the establishment and presentation of Trial Attorney's affidavit and statement of facts and admissions.

## MOTION FOR NEW TRIAL OR SENTENCE

Movant states in good faith that this is not an collateral attack on any court, but a statement of the facts as asserted in Trial Attorney's Affidavit. Movant has no other remedy of law. Movant/Defendant/Petitioner Has consistently maintained his innocence and ask this Honorable Court to properly entertain this Motion for a new trial, grant it, rehear Movant's plea, and re-sentence him and argues that it does not thereby violate the prohibition against a grant by the trial court for a new trial as to punishment only. State v. Aguilera, 165 S.W. 3d 695. See State v. Bates, 889 S.W.2d 309 (Tex. Crim.App.1994). The Courts has the authority to grant a new trial on punishment. Rules Appellate Procedure, Rule 21.1 (b), State v. Davis, 349 S.W.3d 535 (Tex.Crim. App.2011).

## THE JUDGMENT NUNC PRO TUNC

The Judgment Nunc Pro Tunc should be granted because the evidence is clear and convincing that a clerical error was made. Pruet v. Coastal States Trading, Inc. 715 S.W.2d 702, 705 (Tex.App.-Houston [1st Dist.] 1986, no writ). The evidence may be in the form of oral testimony of witnesses, written documents (in this instance trial attorney's affidavit), previous judgments, the court's document (in this instance, failure to order psychiatric examination), or judge's recollection. The judge may rely on his personal recollection of the facts, and the the trial judge's personal recollection can support the findings of the clerical error or other errors.

## ARREST OF JUDGMENT

Movant, in his contention, requests (asks) respectfully of this Honorable Court first to recognize this document as "Pro Se" in its entirety and secondly to grant this his Motion for Arrest of Judgment, because the judgment rendered against Movant was contrary to the law. Grounds and Amended Grounds for this motion are as follows:

1.) The indictment is subject to an exception on sustantive grounds.

2.) In relation to the indictment, the verdict is substantively defective; the prior conviction used for enhancement are invalid and prohibited by law and have not been proven that said trial court had jurisdiction to invoke prior convictions and further asserts that the charging instrument used to convict him was not valid in that it did not specify the exact nature of the offense of DWI felony or by what means it was determined that he committed this offense.

3.) The judgment is invalid because of the illegal traffic stop, the introduction of the prior offenses was both prejudicial, biased, and could only lead to one final conclusion, the failure to establish jurisdiction and proof of guilt on prior convictions used for enhancement.

## PRAYER

A judgment may be reformed so as to show the offense to which the accused was found guilty by the court. A Nunc Pro Tunc Order may correct errors which Movant clearly requested from Trial Court and which said Trial Court has refused and denied.

Pg 6

Clearly in the instant case, the Trial Court has the authority to correct mistakes or errors in a judgment. See Tex. R. App. P. 36. Movant only requests this Honorable Court to be resentenced under the Guidelines of the crime for which he was convicted for and also requests (asks) that if the Court does not Grant the motion at this time, that he be allowed an Evidentiary Hearing.

**WHEREFORE, Movant** prays in all things considered that this Honorable Court Grant this, his Motion for a new trial, arrest of judgment, or an appeal and/or motion for judgment nunc pro tunc and in alternative to modify, or resentence and prays for justice in all things considered Movant therefore prays.

Respectfully submitted,

Charles Ray Hayes
Jester III Unit
TDCJ-No.1915796
3 Jester Road
Richmond, Texas    77406